IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY L. COLE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3:12-CV-2714-L |
| CRAIG WATKINS | § | |
| Dallas County District Attorney | § | |
| | § | |
| Respondent. | § | Referred to Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Johnny L. Cole (Petitioner), a detainee at the Dallas County Jail, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Based on the relevant filings and applicable law, the application should be dismissed in part as successive and in part as unexhausted.

I.

In 1970, Petitioner was convicted of robbery by assault and sentenced to 125 years confinement. His conviction and sentence were affirmed on direct appeal. *Cole v. Texas*, 484 S.W.2d 779 (Tex. Crim. App. 1972). Petitioner filed five applications for state post-conviction relief. The first four applications were denied without written order. *Ex parte Cole*, WR-4,094-01 (Tex. Crim. App. Mar. 28, 1973); *Ex parte Cole*, WR-4,094-02 (Tex. Crim. App. Feb. 27, 1974); *Ex parte Cole*, WR-4,094-03 (Tex. Crim. App. June 5, 1974); *Ex parte Cole*, WR-4,094-04 (Tex. Crim. App. Oct. 6, 1976). The fifth application was dismissed for abuse of the writ. *Ex parte Cole*, WR-4,094-05 (Tex. Crim. App. Apr. 27, 1977). Petitioner also filed an application for writ of habeas corpus that was initially granted by the Northern District of Texas. The Fifth Circuit

affirmed the granting of habeas relief. *Cole v. Estelle*, 530 F.2d 973 (table) (5th Cir. 1976). The Supreme Court vacated the Fifth Circuit's opinion and remanded for further consideration in light of *Stone v. Powell*, 428 U.S. 465 (1976). *See Estelle v. Cole*, 429 U.S. 1012 (1976). The Fifth Circuit then reversed the grant of habeas relief and remanded to the district court for entry of an order dismissing the habeas petition. *See Cole v. Estelle*, 548 F.2d 1164 (5th Cir. 1977).

On March 16, 2012, Petitioner was released on parole after serving part of his 125-year sentence. He was accused of aggravated sexual assault and arrested on July 12, 2012, and is currently detained pending a parole revocation hearing. Petitioner filed his application for habeas relief pursuant to 28 U.S.C. § 2241 on August 9, 2012. On August 16, 2012, the court sent him written interrogatories in order to determine whether he has exhausted his state remedies. Petitioner answered the interrogatories on August 30, 2012.

II.

In multiple grounds for relief, Petitioner contends that: (1) his 1970 conviction for robbery by assault is "illegal and void"; (2) his 125 year sentence constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution; (3) he was improperly denied "good time" credit; and (4) the Northern District of Texas failed to address his due process claim in his 1975 habeas petition. He also appears to claim that he was improperly arrested and detained for a parole violation based on a false charge.

A.

Most of Petitioner's claims arise from his 1970 conviction for robbery by assault. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214

(1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under section 2254 must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

B.

Plaintiff is currently incarcerated in the Dallas County Jail awaiting disposition of his parole revocation. He appears to seek relief, in part, based upon improper arrest and detention for aggravated sexual assault. (*See* Mag. J. Interrog. #2-3).

To the extent Petitioner challenges his pretrial incarceration and the denial of "good time" credit, he must fully exhaust available state remedies before seeking federal habeas relief. *See*

*Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).[1] This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a pretrial detainee must present his claims to the Texas Court of Criminal Appeals before seeking relief in federal court. *See Hamilton v. Dretke*, No. 3-04-CV-2465-L, 2005 WL 38977 at *1 (N.D. Tex. Jan. 6, 2005), *rec. adopted*, 2005 WL 256472 (N.D. Tex. Jan. 31, 2005); *Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003), *appeal dism'd*, No. 03-11046 (5th Cir. Feb. 6, 2004). Exceptions exist only where there is an absence of available state corrective process or "exceptional circumstances of peculiar urgency" render such process ineffective to protect the rights of the applicant. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Anthony v. Texas*, No. H-08-904, 2008 WL 938582 at *1 (S.D. Tex. Apr. 4, 2008) (*citing* 28 U.S.C. § 2254(b)(1)).

Petitioner admits that he has never raised any of the issues related to pretrial detention or "good time" credit to the highest available state court for review. (*See* Mag. J. Interrog. #3, 5). Unless and until petitioner exhausts his state remedies, he may not seek federal habeas relief.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed in part as successive and in part as exhausted. Any claims arising out of his 1970 conviction are successive and should

---

[1] While section 2241 does not expressly contain an exhaustion requirement, a pretrial detainee must exhaust state remedies under the theory that federal courts should abstain from interfering with a pending state court proceeding. As the Fifth Circuit explained:

> [A] body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225 (*citing Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973)).

be dismissed without prejudice pending review by a three-judge panel of the Fifth Circuit. Any claims arising out of Petitioner's 2012 revocation proceedings, as well as any claims involving the denial of "good time" credit are unexhausted and should be dismissed without prejudice.

**SO RECOMMENDED on this 19th day of September, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE