IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHNNY L. COLE,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:12-CV-2714-L (BH)** |
| | § | |
| **CRAIG WATKINS,** | § | |
| Dallas County District Attorney, | § | |
| | § | |
| Respondent. | § | |

## ORDER

This case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on September 19, 2012, recommending that Petitioner Johnny L. Cole's ("Petitioner" or "Cole") application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed in part as successive and dismissed in part as unexhausted. Specifically, the magistrate judge concluded that any claims arising out of Cole's 1970 conviction are successive and should be dismissed without prejudice pending review by a three-judge panel of the Fifth Circuit, and any claims arising out of Cole's 2012 revocation proceedings, as well as any claims involving the denial of "good time" credit, are unexhausted and should be dismissed without prejudice.

Cole filed objections to the Report on October 3, 2012. As best this court can glean from its review of the objections, it appears that Cole objects to the magistrate judge's determination regarding his failure to exhaust on the grounds that an accusation against him was found to be untrue by a Dallas court and the magistrate judge failed to address his point of errors. With regard to the

**Order – Solo Page**

magistrate judge's determination that certain of his claims are successive, Cole objects on due process grounds. The court concludes that Cole's objections are without merit and **overrules** them.

After reviewing the pleadings, file, and record in this case, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Regarding successive applications, section 2244(b)(3) specifically provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Fifth Circuit has held that the statutory provision "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citation omitted). As a result, this court is without jurisdiction to entertain Cole's motion as it pertains to his claims arising out of his 1970 conviction because it is successive, and, in such instances, the petition must be transferred to the appellate court for it to determine whether the district court can consider the petition. Accordingly, the court **transfers** these claims to the United States Court of Appeals for the Fifth Circuit. The clerk of this court is **directed** to effect the transfer of these claims in accordance with the usual procedure. Further, the court **dismisses without prejudice** those claims arising out of Cole's 2012 revocation proceedings, as well as any claims involving the denial of "good time" credit for failure to exhaust state remedies.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

**Order – Solo Page**

the court **denies** a certificate of appealability.[*]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case.  In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 17th day of October, 2012.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
 (a)   **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
 (b)   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Solo Page**